IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FREDERICK, | : |
| | : |
| Plaintiff, | : |
| | : Case No.: 23-1486 |
| v. | : |
| | : |
| ALLEGHENY PLYWOOD COMPANY, INC., and DONALD HUBER, jointly and severally, | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Michael Frederick, by and through his undersigned counsel, J.P. Ward & Associates, LLC., and, specifically, Justin M. Bahorich, Esquire, files the within Complaint against Defendants, Allegheny Plywood Company, Inc. and Donald Huber, jointly and severally, seeking relief for violations of Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, et seq., the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. § 333.101, et seq. ("PMWA"), the Wage Payment and Collection Law ("WPCL") 43 P.S. §260.1 et seq., the Families First Coronavirus Response Act ("FFCRA") 29 U.S.C. § 2601 *et seq.*, and Pennsylvania Common Law.

## PARTIES

1. Plaintiff, Michael Frederick ("Mr. Frederick" or "Plaintiff"), is an adult individual who currently resides at 361 Murray Ave, Arnold, PA, 15068.

2. Defendant, Allegheny Plywood Company, Inc. ("APC" or "Defendant") is a Pennsylvania business located at 3433 Smallman Street, Pittsburgh, PA, 15021.

1

3.  Defendant, Donald Huber ("Mr. Huber") is an adult individual who resides at 2181 Ben Franklin Dr., McKnight, Pennsylvania, 15237 and is the President of Allegheny Plywood Company, Inc

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States and Plaintiff seeks redress for violations of federal laws. The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, because such claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

6.  Mr. Frederick began his employment with APC in August of 2020.

7.  Mr. Frederick was hired to be a glue press machine operator. However, over the course of his employment, Mr. Frederick held a variety of positions including but not limited to janitor and construction worker.

8.  Upon information and belief, Mr. Huber was very strict with Mr. Frederick and the other employees of APC regarding the time clock. Mr. Huber would closely observe who was punching in and out.

9.  Mr. Frederick was required to work through his lunch break to maintain his machine so the glue would not stick. As a result, Mr. Frederick would work throughout his entire ten-hour day without taking a lunch break, which equated to fifteen hours of overtime each week throughout his employment.

10. Mr. Huber would automatically take a half hour from Mr. Frederick's paycheck throughout the entirety of his employment.

11. Mr. Frederick would consistently complain to Mr. Huber about the unpaid lunch breaks being taken from his paycheck. Mr. Huber would just ignore Mr. Frederick's complaints.

12. On or about December 1, 2021, Mr. Frederick was exposed to COVID-19 at work when Defendant forced two other employees, who had tested positive for COVID-19, to come to work. As a result, Mr. Frederick became very ill and was forced to take time off from work.

13. According to APC's policy for leave, when an employee tested positive with COVID-19, APC would pay that employee for five (5) days should they provide proof of a positive COVID-19 test.

14. On December 17, 2021, Mr. Frederick noticed that APC had taken the entirety of his paycheck without notice or authorization.

15. Mr. Frederick immediately notified Mr. Huber of the pay discrepancy.

16. Mr. Huber denied knowledge concerning withholding Mr. Frederick's wages.

17. Mr. Huber informed Mr. Frederick that he was paid for the following days: December 6-8, 2021, and half a day for December 9, 2021.

18. Upon information and belief, this paycheck should have also contained an additional week of straight time pay.

19. Thereafter, Mr. Huber then directed Mr. Frederick to the company's Human Resource Representative, Sue Vitullo ("Ms. Vitullo"), for further clarification.

20. APC refunded half of Mr. Frederick's paycheck back in the amount of $500.00.

21. On January 6, 2022, Mr. Frederick requested a private conversation with Mr. Huber and another co-worker to discuss the COVID-19 wage deduction.

22. During that conversation, Mr. Frederick notified Mr. Huber that APC's COVID-19 Policy applied, and that the company should have paid him for additional time in December 2021.

23. Mr. Huber again ignored Mr. Frederick's complaint about his owed wages while he was on COVID-19 leave. Mr. Huber told Mr. Frederick "Take it up with Sue ["Ms. Vitullo"].

24. To this day, APC and Mr. Huber have not paid Mr. Frederick for his lunch breaks, straight time, and the time he spent on COVID-19 leave.

25. On January 19, 2022, APC and Mr. Huber unlawfully terminated Mr. Frederick's employment in violation of federal and Pennsylvania laws.

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

*(Plaintiff v. Defendants)*
*Jointly and severally*

26. Mr. Frederick incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

27. Under the FSLA, an employer is prohibited from employing an employee for a workweek "longer than forty hours unless such employee receives compensation" for hours worked more than the specified forty hours. 29 U.S.C.S §207(a)(1). This rate must be at a rate "not less than one and one-half times the regular rate at which [the employee] is employed." Id.

28. When a plaintiff seeks to establish an overtime claim under the FLSA, he must "sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Rosario v. First Student Mgmt.*, LLC, 2016 U.S. Dist. LEXIS 108172 at *20 (E.D. Pa. 2016). The plaintiff is also required to "connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly

scheduled shifts," so that, "allegations concerning a typical forty-hour work week include an assertion that the employee worked additional hours during such a week." Id.

29. Mr. Frederick is an "employee" as defined by 29 U.S.C.S §203(e)(1) of the FLSA.

30. Defendants are "employer[s]" as defined by 29 U.S.C.S §203(d) of the FLSA.

31. The FLSA imposes individual liability, jointly and severally, upon Donald Huber because he meets the definition of "employer." 29 U.S.C.S §203(d). Indeed, Donald Huber is the President of APC and is the ultimate authority with respect to operations.

32. Additionally, Donald Huber is a corporate officer and executive. Thus, he may be held individually liable pursuant to the well-recognized Pennsylvania common law 'participation theory.'

33. Mr. Frederick was never able to utilize these above-mentioned lunch breaks. Rather, he was required to work through his lunch break on a daily basis because of the workload with which he was tasked.

34. APC and Mr. Huber deliberately deducted a half hour from Mr. Frederick's paycheck.

35. Per APC's COVID-19 policy, Mr. Frederick was owed five days of pay while out with COVID-19.

36. Defendants only paid Mr. Frederick for two of five days of leave. Additionally, Defendant took back half of Mr. Frederick's paycheck while he was out on COVID-19 leave.

37. Defendant has yet to fully compensate Mr. Frederick for his 2 hours of overtime wages per week for the entirety of his employment due to the half hour deducted from his paycheck and three days of COVID-19 leave.

38.     The actions of Defendants were intentional, wanton, willful, and done in reckless indifference to the rights of Plaintiff. The imposition of punitive damages is warranted.

39.     As a direct and proximate result of the aforementioned conduct, Mr. Frederick suffered actual damages, including, but not limited to, lost wages and severe inconvenience, all in the past, present, and future.

WHEREFORE, Plaintiff, Michael Frederick, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendants, jointly and severally, including back pay, front pay, any other compensatory, punitive, or liquidated damages, costs, attorney fees, and such other relief as deemed just and proper.

**COUNT II**
**FAILURE TO PAY OVERTIME IN VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**
*(Plaintiff v. Defendants)*
*Jointly and severally*

40.     Mr. Frederick incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

41.     The Pennsylvania Minimum Wage Act (hereinafter "PMWA") states that overtime pay is required "for hours in excess of forty hours in a workweek. 43 P.S. §333.104(c). Further, the PMWA requires the same time and a half payment for "all hours worked past 40 in a week." *Ellis v. Edward D. Jones & Co.*, L.P., 527 F. Supp. 2d 439, 452 (W.D. Pa. 2007) (citing 29 U.S.C.S. 207(a), 43 P. S. 333.104(c)).

42.     Because the PMWA parallels the FLSA in "requiring employers to compensate their employees for overtime hours work and has an identical standard of liability as the FLSA in overtime claims," courts analyze PMWA claims and FLSA claims under the same framework.

*Rummel v. Highmark, Inc.*, 2013 U.S. Dist. LEXIS 162757 at *9 (W.D. Pa. 2013) (citing *Alers v. City of Philadelphia,* 919 F. Supp. 2d 528, 557-60 (E.D. Pa. 2013)).

43. Thus, "plaintiff-employees asserting PMWA violations must substantiate their claims by demonstrating that they performed work for which they were not paid . . . and that the defendant-employer had actual or constructive knowledge of the plaintiff's overtime work." *Alers v. City of Philadelphia*, 919 F. Supp. 2d at 560 (E.D. Pa. 2013).

44. Mr. Frederick regularly worked through his lunch break during the entirety of his employment.

45. Mr. Huber regularly deducted a half hour every day for Mr. Frederick's lunch break even though he was fully aware that Mr. Frederick worked through his lunch break due to the glue press machine not being able to go unsupervised.

46. APC failed to compensate Plaintiff at a rate "not less than one and one-half times" her base rate of pay for the hours worked per week over forty in violation of 43 P.S. §333.104(c).

47. The actions of Defendants were intentional, wanton, willful, and done in reckless indifference to the rights of Plaintiff. The imposition of punitive damages is warranted.

48. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, Michael Frederick, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendants, jointly and severally, including back pay, front pay, any other compensatory, punitive, or liquidated damages, costs, attorney fees, and such other relief as deemed just and proper.

**COUNT III**
**FAILURE TO PAY WAGES IN VIOLATION OF THE WPCL**
*(Plaintiff v. Defendants)*
*Jointly and severally*

49. Mr. Frederick incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

50. "Whenever an employer separates an employee from the payroll, or whenever an employee quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable. 43 P.S. § 260.5.

51. Under the WPCL, the definition of employer "includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. §260.2a.

52. Although the Pennsylvania WPCL, 43 Pa. C.S. §260.2a does not provide a statutory definition of the term "employee," Pennsylvania Courts have held that "any person in Pennsylvania can qualify as an employee under the WPCL," because "grammatically, an 'employee' is an entity that is employed." *Frank Burns, Inc. v. Interdigital Communs. Corp.*, 704 A.2d 678, 680-681 (Pa. Super. Ct. 1997).

53. Pennsylvania Courts have thus adopted the following limitation for an employee: "those who work in Pennsylvania can sue under the Pennsylvania statute, but those who do not work in Pennsylvania cannot." *Buche v. Liventa Bioscience, Inc.*, 112 F. Supp. 3d 883, 885 (D. Minn. 2015) (citing, *Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995)).

54. APC qualifies as "an employer" within the definition of the WPCL 43 Pa. C.S. §260.2a.

55. Mr. Frederick was an employee working in the Commonwealth of Pennsylvania.

56. APC failed to compensate Mr. Frederick for the two hours per week in overtime wages of daily unused lunch breaks, the five hundred dollars ($500.00) taken from his paycheck while out on COVID-19 leave, and the discrepancy in his hourly wage on his next and last paycheck.

57. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, lost wages, emotional distress, anxiety, and severe inconvenience, all in the past, present, and future.

WHEREFORE, Plaintiff, Michael Frederick, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendants, jointly and severally, including back pay, front pay, any other compensatory, punitive, or liquidated damages, costs, attorney fees, and such other relief as deemed just and proper.

## COUNT IV
## FLSA RETALIATORY TERMINATION / WRONGFUL TERMINATION
*(Plaintiff v. Defendants)*
*Jointly and severally*

58. Mr. Frederick incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

59. The retaliation provision of the FLSA states, "[I]t shall be unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA] or related to this chapter, or has testified or is about to testify in any such proceeding …." 29 U.S.C. § 215(a)(3).

60. To meet the elements for retaliatory discrimination under the FLSA, a plaintiff must establish that "(1) the plaintiff engaged in protected activity, (2) the employer took an adverse

employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action." *Jones v. Amerihealth Caritas*, 95 F. Supp. 3d 807 (E.D. Pa. 2015).

61. In *Kasten v. Saint-Gobain Performance Plastics Corp.,* the Supreme Court held that the "[a]nti-retaliation provision of the Fair Labor Standards Act (FLSA) protects oral as well as written complaints of a violation of the Act…" *Kasten v. Saint-Gobain Performance Plastics Corp.,* 131 S. Ct. 1325 (2011).

62. Moreover, even if the employee's alleged FLSA violations are later found to be inaccurate, the "prohibition against retaliatory discharge is not rendered inapplicable if employer's belief that employee has engaged in protected activities under Act proves to be false." Brock v. Richardson, 812 F.2d 121 (3d Cir. 1987).

63. Mr. Frederick engaged in a protective activity when he consistently asked about the pay discrepancy regarding the deduction of his lunch break and five days of COVID-19 leave pay.

64. APC and Mr. Huber took an adverse employment action against Plaintiff by terminating his employment due to him becoming a liability to the company.

65. Mr. Huber viewed Mr. Frederick as a nuance for all the inquiries on pay rates, lunch breaks not being paid, and the safety issues within Defendant's facility.

66. As a direct and proximate result of Defendants tortious conduct, Plaintiff suffered damages, including, but not limited to, lost back pay, front pay, past, present and future emotional distress, humiliation, and economic loss.

WHEREFORE, Plaintiff, Michael Frederick, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendants, jointly and severally,

including back pay, front pay, any other compensatory, punitive, or liquidated damages, costs, attorney fees, and such other relief as deemed just and proper.

## COUNT V
## RETALIATORY TERMINATION IN VIOLATION OF THE FFCRA
*(Plaintiff v. Defendants)*
*Jointly and severally*

67. Mr. Frederick incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

68. The FFCRA requires employers to provide specified employees with paid leave because of a "qualifying need related to a public health emergency." 116 P.L. 127, 2020 Enacted H.R. 6201, 134 Stat. 178 §3102(a)(1)(F).

69. According to the FFCRA, a "public health emergency" means "the declaration of a public health emergency, based on an outbreak of SARS-CoV-2 or another coronavirus with pandemic potential," based on declaration by the Secretary of Health and Human Services. 116 P.L. 127, Enacted H.R. 6201, 134 Stat. 178 §1101(h)(2).

70. On January 30, 2020, Health and Human Services Secretary Alex M. Azar II declared a public health emergency under section 319 of the Public Health Service Act (42 U.S.C. 247d) for the entire United States in response to the novel 2019 coronavirus.

71. The FFCRA defines a "qualifying need related to a public health emergency" as a situation where the employee is "unable to work (or telework) due to a need for leave because. . . the employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §5102(a)(2).

72. Because Plaintiff worked for Defendant for longer than 30 days, Plaintiff is an "eligible employee" as defined by the FFCRA. 116 P.L. 127, Enacted H.R. 6201, 134 Stat. 178 §3102(b)(a)(1)(A).

11

73. Because Defendant employed fewer than 500 employees, Defendant is a "qualifying employer" as defined by the FFCRA. 116 P.L. 127, Enacted H.R. 134 Stat. 178 §3201(b)(a)(1)(B).

74. Any employer who terminates an employee in such circumstances shall "be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3))." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §5105(a).

75. Further, an employer who terminates an employer shall "be subject to the penalties described in section 16 and 17 of [the Fair Labor Standards Act] . . . with respect to such violation." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §5101(b).

76. Under the FFCRA, it is illegal for an employer to "discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with [the] Act." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §5104(1).

77. APC had a specific COVID-19 policy that required employees for five days if they showed proof of a positive test result.

78. Mr. Frederick followed APC's COVID-19 policy and sent via text to Mr. Huber the positive test result.

79. APC failed to compensate Mr. Frederick for his five days of COVID-19 leave per APC's policy. Instead, APC terminated Mr. Frederick's employment.

80. The actions of Defendants were intentional, wanton, willful, and done in reckless indifference to the rights of Plaintiff. The imposition of punitive damages is warranted.

81. As a direct and proximate result of Defendants tortious conduct, Plaintiff suffered damages, including, but not limited to, lost back pay, front pay, past, present and future emotional distress, humiliation, and economic loss.

WHEREFORE, Plaintiff, Michael Frederick, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendants, jointly and severally, including back pay, front pay, any other compensatory, punitive, or liquidated damages, costs, attorney fees, and such other relief as deemed just and proper.

**COUNT VII**
**BREACH OF CONTRACT**
*(Plaintiff v. Defendant)*
*(Pled in the Alternative)*

82. Mr. Frederick incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

83. Under Pennsylvania law, a Plaintiff bringing an action for breach of contract must establish: "(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract and (3) resultant damages." *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) (citing *Gen. State Auth. v. Coleman Cable & Wire Co.*, 365 A.2d 1347, 1349 (Pa. Commw. Ct. 1976)).

84. Defendants were bound by the duty of good faith and fair dealing. As such, Defendants had a duty to pay Plaintiff for 30 minutes per day for a lunch break he was unable to utilize and pay Plaintiff for five days of COVID-19 leave.

85. Defendants failed to compensate Plaintiff at the agreed upon wage.

86. Plaintiff brought the discrepancy in wages to Defendant's attention. Defendant's deliberately ignored Plaintiff's complaints.

87. As a direct and proximate cause of the aforementioned conduct, Plaintiff suffered actual damages and consequential damages.

WHEREFORE, Plaintiff Michael Frederick, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendant including back pay, front pay, any other compensatory, costs, and such other relief as deemed just and proper.

**COUNT VII**
**QUANTUM MERUIT / UNJUST ENRICHMENT**
*(Plaintiff v. Defendant)*
*(Pled in the Alternative)*

88. Mr. Frederick incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

89. Plaintiff had an expectation of payment from Defendant.

90. Plaintiff conferred a benefit upon Defendants.

91. Defendant appreciated the benefit of Plaintiff's time and efforts.

92. It would be manifestly unjust if the Defendant's acceptance and retention of such benefits were permitted without payment of value to Plaintiff.

WHEREFORE, Plaintiff, Michael Frederick respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, including, but not limited to, wage loss, loss of income, reimbursement, restitution, disgorgement from Defendants of the value of the benefits conferred by Plaintiff, and such other legal and equitable relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

<table>
<tr><td>Date: August 14, 2023</td><td>Respectfully submitted,<br><br>**J.P. WARD & ASSOCIATES, LLC**<br><br>/s/ Justin M. Bahorich<br><br>Justin M. Bahorich, Esq.<br>PA ID No. 329207<br>jbahorich@jpward.com<br>J.P. Ward & Associates, LLC<br>The Rubicon Building<br>201 South Highland Avenue<br>Suite 201<br>Pittsburgh, PA  15206<br><br>*Counsel for Plaintiff*</td></tr>
</table>